UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN KOPITKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-912 |
| v. ) | |
| ) | Judge John W. Darrah |
| DEPUY ORTHOPAEDICS, INC. and ) | |
| PREMIER ORTHOPAEDIC SALES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kathleen Kopitke, alleges she sustained permanent injuries as a result of

the implantation of an artificial-hip-replacement system ("ASR") manufactured by

DePuy Orthopaedics, Inc. ("DePuy"). She filed an action in the Circuit Court of

Cook County, Illinois, on December 30, 2010, naming DePuy and DePuy's exclusive

Illinois sales distributor, Premier Orthopaedic Sales, Inc. ("Premier"), as defendants.

According to the allegations in Kopitke's complaint, Kopitke and Premier are Illinois

residents. DePuy is not.

On February 9, 2011, DePuy removed Kopitke's action to this Court, asserting

that Premier was fraudulently joined for purposes of defeating diversity jurisdiction and

that this Court therefore has jurisdiction over the subject matter of this dispute pursuant to

28 U.S.C. § 1332. The following day, DePuy notified the Judicial Panel on Multidistrict

Litigation ("MDL") of this case and claimed that Kopitke's claims involve factual

allegations and claims for relief that overlap with those in other actions that have been or

will be transferred to the District Court for the Northern District of Ohio in MDL Case No. 2197. DePuy then filed a motion in this Court to stay all proceedings pending transfer to the MDL.

On February 11, 2011, both DePuy and Premier filed answers to Kopitke's complaint. Kopitke filed a motion to remand this action back to state court and an objection to DePuy's motion to stay.

A conditional transfer order was entered in the MDL case on February 14, 2011. Kopitke filed an objection to transfer in the MDL case.

At a hearing held on February 17, 2011, this Court denied DePuy's motion to stay and set a briefing schedule on Kopitke's motion to remand. The motion is now fully briefed and ready for ruling.

**LEGAL STANDARD**

Removal of this action was premised on 28 U.S.C. § 1441(b), which provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). DePuy does not assert that this case involves a claim or right arising under federal law, and it is undisputed that Premier is a citizen of the state in which Kopitke filed her complaint. DePuy asserts, however, that diversity of citizenship exists between Kopitke and DePuy and that Premier was not "properly joined."

"The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (*Schur*) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999)). "Fraudulent," in this context, is a term of art; although joinder of a nondiverse defendant may be based on fraudulent allegations, "in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (citations omitted) (*Poulos*).

A plaintiff may move to remand a case at any time before final judgment if it appears that the district court lacks subject-matter jurisdiction over the dispute. *See* 28 U.S.C. § 1447(c). When removal is based on the assertion that a nondiverse defendant was fraudulently joined, the party seeking removal bears a "heavy burden" of establishing federal jurisdiction. *Poulos*, 959 F.2d at 73. As explained below, DePuy argues that Premier should be dismissed pursuant to the so-called "seller's exception" contained in 735 ILCS 5/2-621. Like a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b), a motion brought under section 2-621 "tests the sufficiency of the complaint, rather than the merits of the suit." *Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 342 (N.D. Ill. 1995). A party seeking removal "must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state

defendant." *Schur*, 577 F.3d 764. Any doubts concerning the propriety of removal should be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## ANALYSIS

As an initial matter, DePuy devotes over half of its response to Kopitke's motion to remand to rearguing its motion to stay proceedings. As stated above, that motion was denied on February 17, 2011. Moreover, DePuy merely reaffirms the fact that the decision to stay proceedings pending potential transfer to an MDL proceeding is one that is within the district court's discretion. The Court's order denying DePuy's motion to stay will remain in effect, and the substance of Kopitke's motion to remand will be considered.

Under Illinois law, "all persons in the distributive chain are liable for injuries resulting from a defective product, including suppliers, distributors, wholesalers and retailers." *Hammoud v. N. Am. Asbestos Corp.*, 454 N.E.2d 210, 216 (Ill. 1983). However, once a manufacturer has been required to answer a complaint in a product-liability action based on the doctrine of strict liability, Illinois law provides that "the court shall order the dismissal" of that action against all parties in the chain other than the manufacturer, unless the plaintiff can show one of the following exceptions:

> (1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or

> (2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

4

(3) That the defendant created the defect in the product which caused the injury, death or damage.

735 ILCS 5/2-621(a), (c).

Kopitke asserts that Premier should remain in this case under the first and second exceptions. As alleged, Premier provided the actual ASR to the doctor who implanted it into Kopitke's body, Compl. ¶ 20, and "[a]t all relevant times, DEPUY and PREMIER knew that the ASR was defective and harmful to consumers and that the ASR had an unacceptable failure and complication rate," Compl. ¶ 23. Kopitke also alleges as follows:

> At all times material PREMIER had actual knowledge of the defects in the ASR as alleged herein. . . . [and] had regular communications with the implanting surgeons who utilized the ASR such that PREMIER was in a unique position to provide DEPUY with warnings relative to the alleged defects in the ASR and did in fact provide DEPUY with such warnings based upon complaints and comments PREMIER received from the implanting surgeons.

Compl. ¶¶ 56-57.

The obvious purpose of section 2-621 is to allow a defendant whose sole liability results from its role as a member in the chain of distribution to be dismissed from a product-liability action at an early stage when that defendant did not create, contribute to, or have knowledge of the alleged defect. *See Kellerman v. Crowe*, 518 N.E.2d 116, 117 (Ill. 1987). As alleged in Kopitke's complaint, Premier is not an innocent distributor. Rather, it knew DePuy's ASR was defective and communicated warnings to DePuy about the defect. Therefore, it cannot be said at this early stage in the litigation that the allegations of Kopitke's complaint are insufficient to establish a cause of action against Premier.

Moreover, section 2-621 provides that a distributor who is conditionally dismissed can be reinstated under certain circumstances, including where the manufacturer is unable to satisfy judgment to the plaintiff. *See* 735 ILCS 5/2-621(b). Therefore, numerous courts have held that section 2-621 cannot be the basis for finding fraudulent joinder because any dismissal is merely conditional. *See Scheinman v. BMW of N. Am., LLC*, No. 10 C 4848, 2010 WL 3937489, at *3 (N.D. Ill. Sept. 30, 2010); *Phillips v. Howmedica Osteonics Corp.*, No. 07-833-GPM, 2007 WL 4441228, at *6 (S.D. Ill. Dec. 17, 2007); *Mills v. Martin & Bayley, Inc.*, No. 05-888-GPM, 2007 WL 2789431, at *5 n.1 (S.D. Ill. Sept. 21, 2007); *Laroe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1050-53 (S.D. Ill. 2006); *Rubino v. Keller Ladders, Inc.*, No. 98 C 262, 2000 WL 220510, at *1 (N.D. Ill. Feb. 18, 2000); *Ciaccio v. Playtex Family Prods.*, No. 88 C 4577, 1988 WL 105304, at *1 (N.D. Ill. Oct. 4, 1988).

Interestingly, Premier has not moved for conditional dismissal under section 2-621, despite having answered Kopitke's complaint. Because Premier remains in this action and DePuy fails to meet its heavy burden of showing that Premier must be dismissed, complete diversity between Kopitke and Defendants is lacking, and this Court does not have subject-matter jurisdiction over this action. Kopitke's motion to remand is granted.

Lastly, Kopitke requests an award of costs and attorney's fees incurred as a result of DePuy's wrongful removal. The removal statute provides that a district court may "require payment of just costs and any actual expenses, including attorney fees, incurred

as a result of the removal." 28 U.S.C. § 1447(c). However, "it provides little guidance on when such fees are warranted." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The Supreme Court has determined that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Kopitke merely argues that "[g]iven the virtually uniform way in which federal courts have dealt with the issue of § 2-621 dismissal/liability in the context of removal proceedings, and the complete lack of applicable authority cited by DePuy, an award of attorneys' fees and costs is appropriate in this instance." Pl. Mem. 14. Kopitke falls short of demonstrating that DePuy's removal was objectively reasonable. Therefore, her request for fees and costs is denied.

## CONCLUSION

For the reasons stated above, Kopitke's *Motion to Remand* is granted. Kopitke's request for fees and costs is denied.

Date: 3-8-15

JOHN W. DARRAH
United States District Court Judge